IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY J. BENDER,

    Plaintiff,

v.                                                                                  Civil Action No. 1:15cv96
                                                                                 (Judge Keeley)

UNITED STATES OF AMERICA,

    Defendant.

### REPORT AND RECOMMENDATION THAT APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT COMPLAINT BE DISMISSED WITHOUT PREJUDICE

On June 1, 2015, the *pro se* plaintiff, an inmate incarcerated at FCI Morgantown in Morgantown, West Virginia, initiated this case by filing a Federal Tort Claim Action complaint pursuant to 28 U.S.C. §§1346(b)(1) and 2671.  Pursuant to an Amended Notice of Deficiency, on June 12, 2015, plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP")  along with all documents necessary to proceed as a pauper.

In his complaint, the plaintiff raises deliberate indifference to serious medical needs and violations of the Eighth Amendment, alleging that that employees of the United States were deliberately indifferent to his serious medical needs when they failed to timely submit the necessary papers to refer him to an oral surgeon.  As a result, he alleges he was subjected to a 15-week delay in receiving surgery for an infected salivary stone, and suffered constant pain and weight loss as a result.

As relief, plaintiff requests $250,000.00 in damages.

Nonetheless, despite plaintiff having now complied with the deficiency notice and provided the court with the court-approved form documents necessary to properly move for

leave to proceed as a pauper, the plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. §1915(g).

Under what is commonly known as the "Three Strikes Rule," the PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g)

The BOP's online "inmate locator" indicates that the plaintiff is 53 years old with a projected release date of June 14, 2019. Plaintiff is no stranger to this court. Between 1994 and mid-December 2012, the petitioner, deemed a "vexatious litigant"[1] in 2006 by the Northern District of Ohio sentencing court, filed a multitude of post-conviction challenges to his conviction and sentence on various grounds,[2] such that he was finally permanently enjoined from filing anything further in that district without leave of court.[3] A PACER search reveals that

---

[1] Memorandum Opinion and Order summarizing the petitioner's pattern of vexatious litigation and enjoining him from filing any new lawsuits or other documents in the Northern District of Ohio, without first obtaining leave of court. (N.D. Oh. Dkt.# 2 at 8 - 9) (1:06cv01504).

[2] In October, 2006, the sentencing court noted that petitioner had already filed at least 39 post-conviction challenges to his guilty plea, conviction and sentence since 1993, via multiple §2255 motions; 4 motions seeking leave to file successive §2255 motions; a §2241 petition in the Eastern District of Kentucky; 5 petitions for writs of mandamus in the 6th Circuit Court of Appeals; a Bivens action in the N.D. of Ohio, a FTCA action, and within those cases, the underlying criminal action and the forfeiture action, he had filed 7 Fed.R.Civ.P. 60(B) motions for relief from judgment; 10 Fed.R.Civ.P. 59(e) motions to alter or amend judgment; a motion to modify his term of imprisonment; 2 motions to disqualify the U.S. Attorneys' office from responding to his actions; 2 motions for recusal of the court; a Motion to Amend Judgment under Fed.R.Civ.P. 15(c); a Motion to Vacate for Fraud upon the Court and Judgment as Void; a Motion to Amend Judgment Based on Fraud; and a Motion to Amend Judgment Based on Manifest Error of Law. (Id. at 7).

[3] Petitioner's abusive filing history is detailed in a Report and Recommendation ("R&R") entered in a §2241 habeas action petition filed here as Dkt.# 17 in Civil Action No. 5:12cv165.

between February 6, 2004 and June 19, 2006, plaintiff has filed at least four civil actions which were dismissed as frivolous and/or for failure to state a claim upon which relief can be granted.[4] Consequently, Bender is listed on the National *Pro Se* Three-Strikes Database as an abusive filer.

As set forth above, the plaintiff has filed at least three civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted. Therefore, based on the strikes the plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." To the extent that plaintiff alleges that he was subjected to pain and weight loss from a *past* 15-week delay in treating an infected salivary stone, because it is implied from the record that he has already received the necessary surgery, he fails to state a claim which would suggest that he is in imminent danger of serious physical injury, let alone in any danger at all. Moreover, the undersigned finds that the plaintiff's Eighth Amendment claims against the United States are due to be dismissed anyway. A claim of deliberate indifference to a plaintiff's serious medical needs in violation of his Eighth Amendment rights is not actionable against the United States in a Federal Tort Claims Act (FTCA), 28 USC §2671 action. A constitutional tort is not cognizable under the FTCA. Royster v. United States, 2008 U.S. Dist. LEXIS 106634 *13 (W.D. Pa. December 1, 2008).

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt.# 8) be **DENIED** and his Complaint (Dkt.# 1) be **DENIED** and **DISMISSED without prejudice**, pursuant to 28 U.S.C. §§1915(g) and Dupree v.

---

[4] In re Terry Bender, a petition for mandamus filed as an original action in the Sixth Circuit Court of Appeals as Case No. 04-3150, was dismissed on May 20, 2004 as frivolous; In re Terry Bender, another petition for mandamus filed as an original proceeding in the Sixth Circuit Court of Appeals as Case No. 04-3239, was also dismissed on May 20, 2004 as frivolous; Bender v. United States *et al.*, a civil rights case filed as Case No. 1:04cv2159, N.D. Ohio, was dismissed on November 30, 2004 for failure to state a claim upon which relief can be granted; and Bender v. United States *et al.*, a civil rights case filed as Case No. 1:06cv1504 in the N.D. Ohio, was dismissed on October 4, 2006 for failure to state a claim upon which relief can be granted.

Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. [S]he must pay the filing fee at the time [s]he initiates the suit.").

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by July 28, 2015,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is further directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 14, 2015

/s/   James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

4