IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRY J. BENDER,**

     **Plaintiff,**

**v.**　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:15CV96**
　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**UNITED STATES OF AMERICA,**

     **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

Pending before the Court is the Report and Recommendation by United States Magistrate Judge James E. Seibert, which recommends dismissal of the complaint filed by the pro se plaintiff Terry J. Bender ("Bender"). For the reasons that follow, the Court **ADOPTS in PART** and **REJECTS in PART** the Report and Recommendation (dkt. no. 12), **GRANTS** Bender's motion to proceed in forma pauperis (dkt. no. 8), and **DISMISSES** the complaint **WITH PREJUDICE** (dkt. no. 1).

**I. BACKGROUND**

Bender, an inmate at FCI Morgantown in Morgantown, West Virginia, filed a complaint on June 1, 2015, that purported to assert a claim under the Federal Tort Claim Act ("FTCA"). Bender alleged that he suffered personal injuries due to the "deliberate indifference" of a Physician's Assistant ("PA") who treated him at FCI Morgantown (dkt. no. 1 at 6). Specifically, he alleged that the

**BENDER V. UNITED STATES**                                            **1:15CV96**

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

PA forced him to wait 15 weeks before having oral surgery to remove an infected salivary stone, and that the delay violated his Eighth Amendment right to be free from cruel and unusual punishment. Id. As a result, Bender claimed to have suffered a "tremendous amount of pain" and weight loss. He sought damages in the amount of $250,000. Id. at 9.

The Court referred the matter to Magistrate Judge Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. On June 1, 2015, the Clerk mailed Bender a notice of deficient pleading as a result of his failure to pay the appropriate filing fee (dkt. no. 3). Bender then moved for leave to proceed in forma pauperis ("IFP") (dkt. no. 8).

In his R&R, Magistrate Judge Seibert recommended that the Court deny the motion to proceed IFP because of Bender's status as a vexatious litigant under what is commonly known as the "Three Strikes Rule" (dkt. no. 12 at 2).[1] For that reason, he recommended

---

[1] As noted in the R&R, this is not the first court to chronicle Bender's vexatious litigation history. See Dkt. No. 12 at 2. In addition, Bender is listed on the National Pro Se Three-Strikes Database as an abusive filer. Moreover, this Court has chronicled Bender's filings as well. See Bender v. Carter, 5:12CV165, 2013 WL 1831988 (N.D.W. Va. April 30, 2013) (Stamp, J) (adopting in its entirety an R&R listing history of Bender's litigation as of December 2012).

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

---

that the case be dismissed without prejudice for failure to pay the requisite filing fee[2] (dkt. no. 12 at 3). Additionally, Magistrate Judge Seibert noted that, in any event, Bender's underlying claim of "deliberate indifference" should be dismissed because "[a] claim of deliberate indifference to a plaintiff's serious medical needs in violation of his Eighth Amendment rights is not actionable against the United States in a Federal Tort Claims Act . . . action" (dkt. no. 12 at 3). On July 30, 2015, Bender filed timely objections to the R&R (dkt. no. 14).

## II. STANDARD OF REVIEW

This Court is required to review <u>de novo</u> only those portions of the magistrate judge's findings to which specific objections are made. <u>Dellarcirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). "[T]he Court may adopt, without explanation, any

---

[2] <u>See</u> 28 U.S.C. § 1915(g); <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed <u>in forma pauperis</u> pursuant to the three strikes provision . . . . The prisoner cannot simply pay the filing fee . . . . He must pay [it] at the time he initiates the suit.").

**BENDER V. UNITED STATES**                                                    **1:15CV96**

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

of the magistrate judge's recommendations to which the prisoner does not object." Id. at 604 (citing Camby, 718 F.2d at 199).

### III. DISCUSSION

Bender objects to the conclusions in the R&R that 1) the Court should deny his motion to proceed IFP and therefore dismiss his complaint without prejudice, and 2) his claim was subject to dismissal as improvidently filed as an FTCA action. For the reasons that follow, the Court **ADOPTS IN PART** and **REJECTS in PART** the R&R, **GRANTS** Bender's motion to proceed IFP, and **DISMISSES WITH PREJUDICE** his complaint for failure to state claim.

**A.    Motion to Proceed IFP**

Bender objects to the R&R's recommendation that the Court deny his motion to proceed IFP based on his status as a vexatious litigant. He first contends that, because the cases cited in the R&R as his "three strikes" do not reflect that he proceeded IFP, the Court should reject the R&R (dkt. no. 14 at 1). This argument is without merit.

As the R&R correctly notes, the Prisoner Reform Litigation Act ("PRLA") restricts plaintiffs from proceeding IFP under the following conditions:

4

**BENDER V. UNITED STATES**  1:15CV96

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

While the Fourth Circuit has yet to rule specifically on whether IFP status is relevant to strikes, at least five other circuit courts of appeals have addressed the issue, and all have concluded that strikes under § 1915(g) may be accrued "regardless of whether the prisoner has paid the filing fee or is proceeding [IFP]." Belanus v. Clark, 796 F.3d 1021, 1030 (9th Cir. 2015); accord Byrd v. Shannon, 715 F.3d 117, 124 (3d Cir. 2013); Burghart v. Corr. Corp of Am., 350 Fed. Appx. 278, 79 (10 Cir. 2009); Hyland v. Clinton, 3 Fed.Appx. 478, 480 (6th Cir. 2001); Duvall v. Miller, 122 F.3d 489, 90 (7th Cir. 1997). Consequently, it is irrelevant whether Bender proceeded IFP during any of his prior litigation.

Next, Bender challenges the R&R's reliance on Bender v. United States (Bender I), No. 1:04CV2159, (N.D. Ohio Nov. 30, 2004), and Bender v. United States (Bender II), No. 1:06cv1504 (N.D. Ohio Oct.

5

**BENDER V. UNITED STATES**                                         **1:15CV96**

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

4, 2006), to constitute two of his three strikes. He claims that because those were suits for monetary relief from individuals who were immune from suit they do not count as strikes (dkt. no. 14 at 2).

Bender's argument is legally unsupportable. Courts have routinely held that, where no named defendant is amenable to suit, the plaintiff fails to state a claim upon which relief may be granted. See, e.g., Reberger v. Baker, 657 Fed. Appx. 681, 684 (9th Cir. 2016) (finding that dismissal for qualified immunity counted as a strike within meaning of § 1915(g)); Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [§ 1915 (g)]"); Ballenger v. Norton, 2007 WL 1462186 (D.S.C. May 16, 2007) (dismissal based on prosecutorial immunity qualifies as a strike); Staley v. Norton, 2007 WL 821181, at *4, (D.S.C. March 2, 2007) (dismissal based on judicial immunity counts as a strike).

Furthermore, dismissal for seeking "monetary damages from individuals [who] were immune from suit" was not the sole basis for the Northern District of Ohio's dismissal of Bender's cases. In Bender I, the court also based its dismissal on Bender's failure to

**BENDER V. UNITED STATES**                                        1:15CV96

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

state a claim because "[t]he allegations set forth in the complaint implicitly challenge[d] the validity of [his] conviction and resulting incarceration." Bender I, slip op. at 2. The court noted that his sole federal remedy in that circumstance was a writ of habeas corpus. Id. In Bender II, the court dismissed the suit because litigation of the matter was barred by res judicata, and because Bender was unable to allege that his conviction was declared invalid on federal habeas review. In other words, Bender had failed to state a valid claim. Bender II, slip op. at 7. Because Bender I and Bender II were civil actions dismissed for failure to state a claim during the time Bender was incarcerated, they count as strikes.

Next, Bender argues that the Fourth Circuit has stated that the strikes should be in the same court and that sanctions are to be applied by the same court (dkt. no. 14 at 2). For this, he relies on Woodard v. STP Corp, 170 F.3d 1043 (11th Cir. 1999), an Eleventh Circuit case that is not binding on this Court. Moreover, Bender's reliance on Woodard for the legal proposition advanced is misplaced. In Woodard, the Eleventh Circuit held that Rule 11 sanctions under the Federal Rules of Civil Procedure are properly

**BENDER V. UNITED STATES**                                                1:15CV96

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

applied only in those cases before the sanctioning court, not cases in other courts. Id. at 1045. Unlike Rule 11 sanctions, however, § 1915(g) strikes accrue whenever a prisoner files a suit that is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Finally, Bender argues that not only are cases seeking a writ of mandamus irrelevant to the three strike rule, his mandamus cases[3] were consolidated; thus, even if countable as strikes, they should count only as one strike (dkt. no. 14 at 2). Every court that has decided the issue of whether petitions seeking mandamus relief are subject to the PLRA has held that, when the underlying suit is civil in nature, it can qualify as a strike under the PLRA. See In re Kissi, 652 F.3d 39, 41 (D.C. Cir. 2012) (finding that § 1915(g) applies to mandamus petitions filed in connection with underlying civil cases); In re Crittenden, 143 F.3d 919 (5th Cir. 1998) (finding that "a writ of mandamus 'is not an independent civil action, but may be considered a type of appeal,'" where the underlying action would determine the applicability of the PLRA); In re Tyler, 110 F.3d 528, 528-29 (8th Cir. 1997) (holding that

---

[3] The writs at issue are In re Terry Bender, No. 04-3150 (6th Cir. 2004) and In re Terry Bender, No. 04-3239 (6th Cir. 2004).

**BENDER V. UNITED STATES**                                        1:15CV96

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

writ of mandamus related to civil action was itself a civil action for purposes of the PLRA).

Writs of mandamus brought in relation to habeas petitions are not considered civil in nature, however, and "the in forma pauperis filing fee provisions of the PLRA do not apply in habeas corpus actions." Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997); see also In re Crittenden, 143 F.3d at 920 (noting that PLRA does not apply to habeas proceedings "because habeas proceedings, though technically civil, are in reality hybrid cases whose nature is not adequately captured by the phrase 'civil action'" (quoting United States v. Cole, 101 F.3d 1076 (5th Cir. 1996)); Martiv v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996) ("[Application of the PLRA to habeas corpus] would be contrary to a long tradition of ready access of prisoners to federal habeas corpus, as distinct from their access to tort remedies . . . .").

Because Bender's writs of mandamus arose out of challenges to his criminal conviction, they are not civil in nature and thus are not susceptible to the PLRA's three strike rule. Therefore, because Bender does not have three (3) civil cases that qualify as strikes, the Court **SUSTAINS** his objection, **REJECTS in PART** the R&R insofar

**BENDER V. UNITED STATES**                                                        1:15CV96

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

as it pertains to the motion to proceed IFP, and **GRANTS** Bender's motion to proceed IFP.

**B.   Bender's FTCA Claim**

Bender asserts that his claim arises under the FTCA, which states in relevant part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil action on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with <u>the law of the place</u> where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). He argues that, because an inmate can sue under the FTCA to recover damages from the United States for personal injuries by reason of negligence, his constitutional claims are actionable (dkt. no. 14 at 3).

This argument misses the mark. Unlike a state negligence tort, a violation of a federal law, including a constitutional violation, by its very nature is not cognizable under the FTCA. See <u>Ready Transp., Inc. v. Military Traffic Management Command</u>, 86 Fed. Appx. 561, 565 (4th Cir. 2004) (holding that federal constitutional

10

**BENDER V. UNITED STATES**                                              1:15CV96

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

claims are not cognizable under FTCA); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001) ("[B]ecause the 'law of the place' encompasses state law, but not federal law, a federal constitutional tort cannot provide the source of law under the FTCA."); Damon v. United States, No. 1:15-02216, 2017 WL 912113, at *2 (S.D.W.Va. March 7, 2017) (same).

Here, because Bender's claim relies on a theory of deliberate indifference under the Eighth Amendment, it is not cognizable under the FTCA. Consequently, the Court **ADOPTS** the R&R insofar as it concludes that Bender's FTCA claim must fail, **OVERRULES** Bender's objections relating to that portion of the R&R, and **DISMISSES** his complaint **WITH PREJUDICE** for failure to state a claim.

### IV. CONCLUSION

For the reasons discussed, the Court:

- **SUSTAINS** Bender's objections to the portion relating to his motion to proceed in forma pauperis;

- **REJECTS in PART** the R&R insofar as it pertains to Bender's motion to proceed in forma pauperis;

- **GRANTS** Bender's motion to proceed in forma pauperis (dkt. no. 8);

**BENDER V. UNITED STATES**  1:15CV96

**MEMORANDUM OPINION AND ORDER ADOPTING
IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE [DKT. NO. 12], AND DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

- **OVERRULES** Bender's objections to the R&R insofar as they relate to his purported FTCA claim;

- **ADOPTS** the R&R insofar as it relates to that claim; and

- **DISMISSES WITH PREJUDICE** Bender's complaint and **ORDERS** that it be stricken from the Court's active docket.

Finally, the Court notes that this dismissal qualifies as a strike against Bender under the PLRA.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Memorandum Opinion and Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: June 9, 2017

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE